Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 866-5157
Facsimile:    (310) 943-2085

Attorneys for Plaintiff
Backgrid USA, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WEGOTTHISCOVERED.COM, entity type unknown, MATTHEW JOSEPH, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-09883 PA (ASx)<br>Hon. Percy Anderson<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE SUMMONS AND COMPLAINT ON DEFENDANTS VIA EMAIL** |

**EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANTS VIA EMAIL**

**TO THE COURT**:

Plaintiff Backgrid USA, Inc. will and hereby does make this Ex Parte Application requesting an order granting it leave to serve Defendants Wegotthiscovered.com and Matthew Joseph through e-mail message. This ex parte request is made pursuant to Federal Rule of Civil Procedure 4(f)(3) and the Hague Convention.

This Ex Parte Application is based on the Memorandum of Points and Authorities, the Declaration of Joanna Ardalan filed in support thereof, and upon any such oral and documentary evidence as may be allowed.

Plaintiff Backgrid USA, Inc. ("Backgrid" or "Plaintiff") hereby applies to the Court ex parte for an order granting it leave to serve Defendants Wegotthiscovered.com and Matthew Joseph via e-mail message.

## I.     STATEMENT OF FACTS

Since the filing of the Complaint, Backgrid has searched extensively for the physical address of Defendants, including searching LexisNexis records, internet searches, and reviewing the WhoIs information for the website WeGotThisCovered.com (the "Website"). The WhoIs Registry provides contact information for the registrant (the person or entity who registered a website domain) and registrar (the service that the registrant uses to register a website domain). The WhoIs information revealed that the website registrant "We Got This Covered," did not include a complete physical address. (Ardalan Exhibit A.) The WhoIs information also revealed that GoDaddy is the registrar of the Website. (*Id.*)

On November 19, 2020, Backgrid sent an e-mail message to GoDaddy. The message was sent to GoDaddy's dedicated "abuse" e-mail address. Backgrid asked GoDaddy for the physical address associated with the Website because it engaged in repeat copyright infringement and attached a filed copy of the complaint against Defendants. (Ardalan Decl., Ex. B.) GoDaddy responded, but did not provide the physical address as requested. In addition, Backgrid sent DMCA takedown notices

2

to the server of the Website in December 2020. On information and belief, those DMCA notices were forwarded from the ISP to Defendants as required under 17 U.S.C. § 512.

On or around December 11, 2020, Defendant Matthew Joseph called Backgrid, who directed him to its counsel. Mr. Joseph and counsel for Backgrid exchanged text messages and a telephone call. (Ardalan Decl., Ex. C.) During the text and phone conversation between Mr. Joseph and Backgrid's counsel, Mr. Joseph explained that he was in the process of retaining a lawyer for the above captioned lawsuit, but he did not have one yet. Backgrid's counsel explained that once Defendants are represented, she would need to speak to the lawyer and could no longer communicate with him directly. (*See* Ardalan Decl., Ex. D.) Mr. Joseph requested a copy of the complaint and proof of service. Backgrid's counsel explained that it had not been served yet, but that she would send a stamped copy of the complaint to Mr. Joseph's e-mail address, Matt@WeGotThisCovered.com, an e-mail address that was confirmed by Mr. Joseph over text message. (Ardalan Decl., Exs. C, D.) Backgrid did not hear back from Mr. Joseph. Backgrid followed-up by e-mail but received no response. (Ardalan Decl., Ex. E.)

## II.   SERVICE BY E-MAIL MESSAGE IS REASONABLY CALCULATED TO PROVIDE NOTICE OF THE LAWSUIT

Service of Defendants by e-mail message is proper in this case under Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits service on an indiviudal in a foreign country "by other means not prohibited by international agreement, as the court orders."[1] A plaintiff "need not pursue other methods of service before

---

[1] Canada is a member of the Hague Convention; it has no rule against service by e-mail message. Canada requires that service be not inconsistent with the rules of the province in which defendant is to be served. Art. 5(1). Ontario's Rule of Civil Procedure 16, R.R.O. 1990, does not prohibit service by e-mail. Therefore, service may be completed by e-mail.

**EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANTS VIA EMAIL**

1  requesting a court to authorize an alternative method of service under Rule 4(f)(3)."
2  *Likas v. ChinaChache Intern. Holdings,* Ltd., 19-cv-6942, 2020 WL 2561947, at *3
3  (C.D. Cal. Jan. 29, 2020) (*citing Rio Props v. Rio Intern. Interlink*, 284 F.3d 1007,
4  1015 (9ᵗʰ Cir. 2002)) ("[S]ervice of process under Rule 4(f)(3) is neither a 'last
5  resort' nor 'extraordinary relief.' It is merely one means among several which
6  enables service of process on an international defendant."). Courts may direct
7  service when "the particularities and necessities of a given case require alternate
8  service of process." *Rio Props*., 284 F.3d at 1016.

9        Mr. Joseph is believed to be an individual residing in Ontario, Canada. (*See*
10  Ardalan Decl., Ex. A.) This Court held that service by e-mail was proper in similar
11  circumstances when plaintiff communicated with defendant's in-house counsel
12  through his e-mail address. *ThermoLife Intern, LLC v. Werteks Closed Stock,* cv 19-
13  09671 PA (Ex), 2020 WL 6743586, at * 3 (C.D. Cal. April 14, 2020).

14        Here, the e-mail address was confirmed by Mr. Joseph through text message.
15  Mr. Joseph is well aware of the lawsuit because he explained that he was in the
16  process of retaining counsel and requested a copy of the complaint and proof of
17  service. He was told that service had not been complete, but the lawsuit was filed.

18        Because Mr. Joseph expressly requested a copy of the complaint to his e-mail
19  address and because he is already on notice that the Complaint had been filed,
20  service of the summons and complaint through his e-mail address is reasonably
21  calculated to give notice to Defendants.

22  / / /
23  / / /
24  / / /

25
26
27
28

**EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANTS VIA EMAIL**

**III.    CONCLUSION**

Plaintiff respectfully requests that the Court permit it to serve Defendants through email message.

Dated:  February 16, 2021                **ONE LLP**

By:  /s/ Joanna Ardalan
        Joanna Ardalan
        Peter R. Afrasiabi

        Attorneys for Plaintiff
        Backgrid USA, Inc.

**EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANTS VIA EMAIL**